1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

11 JASON ROBERT HYATT,                              Case No. ED CV 25-1337-MWC(E)

12                              Plaintiff,

13                 v.                               ORDER DISMISSING
                                                    FIRST AMENDED COMPLAINT
14 SHERIFF CHAD BIANCO, ET AL.,                     WITH LEAVE TO AMEND

15                              Defendants.

16

17

18       For the reasons discussed below, the First Amended Complaint is dismissed with

19 leave to amend.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

20

21                              **BACKGROUND**

22

23       On May 27, 2025, Plaintiff, proceeding pro se, filed a Complaint pursuant to 42

24 U.S.C. section 1983.  On June 20, 2025, Plaintiff filed a First Amended Complaint

25 ("FAC").  The FAC names as Defendants:  Sheriff Chad Bianco; the Riverside County

26 Sheriff's Department ("Department"); the County of Riverside ("County"); and John Does

27 ///

28 ///

1 through 6 (FAC, p. 3).[1]  At all relevant times, Sheriff Bianco and John Does 1 through 6 assertedly were employees of the Department (id., p. 3-4).  Plaintiff sues Sheriff Bianco and John Does 1 through 6 in their individual and official capacities (id., p. 3).  The Court granted Plaintiff in forma pauperis status on July 14, 2025.

### SUMMARY OF PLAINTIFF'S ALLEGATIONS

The FAC alleges:

Plaintiff "was at the time of th[e] incident[s] relevant to this action a pre-trial detainee in custody of the [Department]."  On October 16, 2020, Plaintiff arrived at the Smith Correctional Facility in Banning, California.  Deputies subjected Plaintiff to five separate body scans in a TEK-84 scanner and twice sent Plaintiff to the hospital for x-rays, all in an effort to search Plaintiff for contraband.  When deputies attempted to place Plaintiff in the TEK-84 scanner a sixth time, Plaintiff refused to comply.  As a result, Plaintiff "was placed against a wall where a Riverside County sheriff began to berate and insult Plaintiff for refusing to be scanned and then proceeded to assault Plaintiff by repeatedly kicking Plaintiff in the left ankle where Plaintiff had a 2 1/2 inch open wound injury. . . .  Plaintiff was also stripped naked in front of female staff and placed in a padded cell until Plaintiff gave a bowel movement.  This incident lasted over a two day

---

[1]  A plaintiff may name a fictitious defendant in his or her complaint if the plaintiff does not know the true identity of the defendant prior to the filing of the complaint.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  However, before the Court can order service of process by the United States Marshal upon any fictitious Defendant, Plaintiff must provide identifying information sufficient to permit the United States Marshal to effect service of process upon the Defendant, including the Defendant's full name and address.

2

period."

Subsequently, Plaintiff was transferred to the Robert Presley
Detention Center in Riverside, California.  On May 15, 2021, deputies
"removed everyone from their cell in a mass search."  Plaintiff and other
inmates were taken down to the basement and placed in a line against the
wall.  Plaintiff's hands were cuffed behind his back.  "When Plaintiff's turn
came to be placed inside the TEK-84 scanning machine, Plaintiff
attempted to explain that there are other methods available [to screen for
contraband] other than being placed in the scanner."  Plaintiff also
"explained that there was a prior incident involving the TEK-84 scanner
and asked not to be placed inside it."

After deputies ignored Plaintiff, he "attempted to resist being placed
in the machine by going completely limp."  John Doe 2 then forcibly placed
Plaintiff into the scanner.  Plaintiff "kicked the TEK-84 to prevent Plaintiff
from any more inhumane treatment."  Plaintiff then "was lifted off his feet
turned in midair slammed to the concrete face first," which caused injury to
Plaintiff's neck and face.  Plaintiff lay face down on the concrete with his
face bleeding.  Plaintiff did not resist verbally or physically, yet John Does
2 through 5 held Plaintiff down and refused to provide medical treatment.
John Doe 1, a sergeant, instructed  John Does 2 through 5 to strap
Plaintiff into a restraining device.  Plaintiff continued to request medical
attention, but deputies ignored Plaintiff's request.

Deputies moved Plaintiff to a cell, where Plaintiff remained for
approximately an hour.  Deputies then removed the restraining device and
placed Plaintiff in a padded cell.  Plaintiff "repeatedly asked for medical but

Plaintiff was completely ignored throughout the entire time inside the cell. After some time had passed sheriffs came inside and placed hand covers over Plaintiff[']s hands and it was some time after this that Plaintiff had an attack, a type of seizure." Plaintiff again "continuously called out for medical," but deputies ignored Plaintiff. When Plaintiff "crawled to the door and pounded on it and ask[ed] for medical," John Doe 6 "sprayed Plaintiff in the face underneath the door." Plaintiff remained in the padded cell for two days "until he gave a bowel movement." Plaintiff then was taken to the hospital and given medical attention. "Plaintiff had a contusion to his E-5 part of his neck, two black eyes, a laceration above his left eye, [and] had suffered a seizure fit." After Plaintiff returned from the hospital, deputies carried and dragged Plaintiff up the stairs and pushed Plaintiff into his cell.

Deputy Maldonado falsely accused Plaintiff of possessing five grams of heroin, which resulted in a criminal charge against Plaintiff for drug possession. The criminal charge was dismissed when the substance allegedly found in Plaintiff's possession tested negative for heroin. The Department "knew [Plaintiff] had no drugs but knowingly and falsely claimed that [Plaintiff] did and charged Plaintiff for the purpose to cause harm to Plaintiff."

(FAC, pp. 1-11).

Plaintiff apparently attempts to assert claims for "unreasonable, unnecessary and excessive force, cruel and unusual punishment, and deliberate indifference," in alleged violation of the Eighth and Fourteenth Amendments (id., p. 1). Plaintiff seeks, inter alia, ///

4

compensatory and punitive damages and attorney's fees[2] (id., p. 21).

**DISCUSSION**

I.    **The FAC Does Not Comply With Rule 8 of the Federal Rules of Civil
Procedure.**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement
of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant
fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic v.
Twombly, 550 U.S. 544, 555 (2007) (citation omitted; original ellipses).  "Each allegation
must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Conclusory allegations are
insufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009).

"Experience teaches that, unless cases are pled clearly and precisely, issues are
not joined, discovery is not controlled, the trial court's docket becomes unmanageable,
the litigants suffer, and society loses confidence in the court's ability to administer
justice."  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (citations
and quotations omitted); see Ashcroft v. Iqbal, 556 U.S. at 678 (a plaintiff must allege
more than an "unadorned, the-defendant-unlawfully-harmed me accusation"; a pleading
that "offers labels and conclusions or a formulaic recitation of the elements of a cause of
action will not do") (citations and quotations omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a
claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. at 678 (citation
and internal quotations omitted).  "A claim has facial plausibility when the plaintiff pleads

---

[2]  A pro se litigant such as Plaintiff cannot recover attorney's fees in a civil rights action.
Kay v. Ehrler, 499 U.S. 432, 435 (1991).

5

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

The FAC fails to comply with Rule 8. In particular, Plaintiff fails to allege what each Defendant did or did not do to violate Plaintiff's rights. To state a cognizable section 1983 claim, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999). A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory. . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Bonnette v. Dick, 2020 WL 3412733, at *3 (E.D. Cal. June 22, 2020) (allegations insufficient where they "fail to adequately describe specific actions taken by each of the defendants named in the complaint"); Moreno v. Penzone, 2020 WL 1047068, at *2 (D. Ariz. March 4, 2020) ("To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.") (citation omitted); Chevalier v. Ray and Joan Kroc Corps. Cmty. Ctr., 2012 WL 2088819, at *2 (N.D. Cal. June 8, 2012) (complaint that failed to "identify which wrongs were committed by which Defendant" insufficient).

Plaintiff has not asserted facts in a single document adequately describing each Defendant's alleged actions. Plaintiff has not asserted facts plausibly demonstrating an affirmative link between each Defendant's alleged actions and any claimed injury to Plaintiff. Plaintiff makes assertions regarding the alleged conduct of individuals who are not named as Defendants. Plaintiff also makes assertions regarding alleged incidents at an institution other than the institution where John Does 1 through 6 assertedly were

1    present.  Again, it is unclear whom Plaintiff is attempting to sue, for what relief, and on

2    what theory.  See McHenry v. Renne, 84 F.3d at 1178.  Plaintiff's vague and conclusory

3    allegations do not suffice.  See Ashcroft v. Iqbal, 556 U.S. at 678.

4

5    II.    **The FAC Does Not Sufficiently Allege Any Municipal Liability Claim.**

6

7           Plaintiff purports to bring claims against the County and the Department, as well

8    as Sheriff Bianco and John Does 1 through 6 in their official capacities (see FAC, pp. 2-

9    3).  Plaintiff's official capacity claims against Sheriff Bianco and John Does 1 through 6

10   are tantamount to claims against the County.  See Kentucky v. Graham, 473 U.S. 159,

11   165-66 (1985) (official capacity claim against municipal employee is a claim against the

12   municipality).  Plaintiff may not sue a municipal entity such as the County or the

13   Department on a theory of respondeat superior, which is not a theory of liability

14   cognizable under 42 U.S.C. section 1983.  See Connick v. Thompson, 563 U.S. 51, 60

15   (2011); Ashcroft v. Iqbal, 556 U.S. at 676; Polk County v. Dodson, 454 U.S. 312, 325

16   (1981).  A municipal entity may be held liable only if the alleged wrongdoing was

17   committed pursuant to a municipal policy, custom or usage.  See Board of County

18   Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997); Monell v.

19   New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

20

21          Conclusory allegations do not suffice to plead a municipal liability claim.  See

22   Ashcroft v. Iqbal, 556 U.S. at 678; Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (en

23   banc), cert. denied, 566 U.S. 982 (2012) ("allegations in a complaint or counterclaim may

24   not simply recite the elements of a cause of action, but must contain sufficient

25   allegations of underlying facts to give fair notice and to enable the opposing party to

26   defend itself effectively"); see also AE ex rel. Hernandez v. County of Tulare, 666 F.3d

27   631, 637 (9th Cir. 2012) (pleading standards set forth in Starr v. Baca govern municipal

28   liability claims).  A plaintiff "must set forth factual allegations to show that the execution

1   of a specific policy, ordinance, regulation, custom or the like was the actionable cause of

2   any alleged constitutional violation."  Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1146

3   (9th Cir. 2012) ("actionable cause" "requires showing both but for and proximate

4   causation"); Rivas v. City of Santa Ana Jail, 2020 WL 6541988, at *4 (C.D. Cal. Aug. 31,

5   2020) ("In order to state a claim arising from the execution of a local entity's policy or

6   custom, plaintiff must set forth factual allegations to show that the execution of a specific

7   policy, ordinance, regulation, custom or the like was the actionable cause of any alleged

8   constitutional violation.") (citation and quotations omitted).

9

10      The FAC contains no allegations sufficient to plead a cognizable municipal liability

11  claim.  See Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011), cert. denied,

12  569 U.S. 904 (2013) (affirming dismissal of municipal and supervisor liability claims

13  which "lack[ed] any factual allegations that would separate them from the 'formulaic

14  recitation of a cause of action's elements'" deemed insufficient by the United States

15  Supreme Court in Bell Atlantic Corp. v. Twombly).  Although Plaintiff alleges a failure to

16  supervise, discipline or train the deputies allegedly responsible for the asserted

17  constitutional injuries to Plaintiff (FAC, p. 3), Plaintiff fails to assert facts plausibly

18  demonstrating that "the execution of a specific policy, ordinance, regulation, custom or

19  the like was the actionable cause of any alleged constitutional violation."  See Tsao v.

20  Desert Palace, Inc., 698 F.3d at 1146.  Accordingly, Plaintiff has failed to state a

21  cognizable claim against the County, the Department, or Sheriff Bianco or John Does 1

22  through 6 in their official capacities.

23

24  III.    **The FAC Does Not Sufficiently Allege a Claim Against Any Supervisory**

25          **Defendant.**

26

27      Plaintiff may not sue a supervisor for violation of a constitutional right on a theory

28  of respondeat superior.  See Ashcroft v. Iqbal, 556 U.S. at 676 ("Government officials

8

1    may not be held liable for the unconstitutional conduct of their subordinates under a

2    theory of respondeat superior").  A supervisor "is only liable for his or her own

3    misconduct," and is not "accountable for the misdeeds of [his or her] agents."  Id. at 677.

4    Mere knowledge of a subordinate's alleged misconduct is insufficient.  Id.  Thus, a

5    constitutional claim against a government official must allege facts showing the official's

6    personal involvement with the constitutional deprivation or a causal connection between

7    each defendant and the constitutional deprivation.  See Starr v. Baca, 652 F.3d at 1207;

8    Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991).  The FAC does not allege such

9    facts with respect to some of Plaintiff's alleged claims.  For example, Plaintiff names

10   Sheriff Bianco as a Defendant, but Plaintiff fails to allege facts demonstrating that Sheriff

11   Bianco was personally involved with or otherwise caused the alleged constitutional

12   deprivations.

13

14   **IV.    The FAC Fails to Allege a Cognizable Eighth Amendment Claim.**

15

16          Plaintiff claims that Defendants inflicted cruel and unusual punishment on Plaintiff

17   in asserted violation of the Eighth Amendment (see FAC, pp. 1-2, 4, 12, 14-20).

18   However, "the Eighth Amendment only prevents the imposition of cruel and unusual

19   punishment on convicted prisoners."  Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir.

20   2004), cert. denied, 545 U.S. 1139 (2005) (citing Bell v. Wolfish, 441 U.S. 520, 535 n.16

21   (1979)); see also Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020).

22   Plaintiff alleges that he was a pretrial detainee at the time of the alleged constitutional

23   violations (see FAC, p. 2).  Thus, Plaintiff cannot state a cognizable Eighth Amendment

24   claim.[3]

25   _____

26   [3]  The Due Process Clause of the Fourteenth Amendment governs excessive force
     claims brought by pretrial detainees.  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989);

27   Bell v. Wolfish, 441 U.S. 520, 535-39 (1979).  To prevail on a Fourteenth Amendment
     excessive force claim, a plaintiff must establish that the "force purposely or knowingly

28   used against him was objectively unreasonable," considering the facts known to the

9

**ORDER**

The First Amended Complaint is dismissed with leave to amend.  If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a Second Amended Complaint.  Although the Court does not necessarily deem insufficient all of Plaintiff's claims, the Court does require that any Second Amended Complaint be complete in itself and not refer in any manner to any prior Complaint or court filing.  The Second Amended Complaint must identify clearly and consistently in the caption and the body of the pleading all Defendants whom Plaintiff intends to sue in this action.  Failure timely to file a Second Amended Complaint in conformity with this Order may result in the dismissal of the action.  See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behav. Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 U.S. 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (en banc) (affirming dismissal without leave to amend where plaintiff failed to correct complaint's deficiencies, court had afforded plaintiff opportunities to do so, and court had given plaintiff notice of the substantive problems with his claims); Plumeau v. Sch. Dist. No. 40, County of Yamhill, 130 F.3d 432, 439 (9th

///

///

///

///

///

///

---

defendants at the time and the government's legitimate interests in institutional safety and security.  Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015).

1    Cir. 1997) (denial of leave of amend appropriate where further amendment would be

2    futile).

3

4            IT IS SO ORDERED.

5

6            DATED: August 8, 2025.

7

8                                                  _____

9                                                  HON. MICHELLE WILLIAMS COURT
                                                   UNITED STATES DISTRICT JUDGE
10

11   PRESENTED this 4th day of

12   August, 2025 by:

13                     /S/
     _____
14          CHARLES F. EICK
     UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28